Birchard, J.
This suit is upon a policy of insurance, and is submitted to the court on the papers, written evidence, and an *57 agreed statement as to certain facts. It presents two questions. What loss does the policy cover? And what is stranding?
That part of the policy under which the controversy arises, is in the following words : “ Touching the adventures and perils which the said insurance company are contented to *bear, and take upon them in this voyage, they are of the seas, fire, enemies, pirates, assailing thieves, restraints and detainments of all kings, princes, or people, of what nature or policy soever, barratry of the master (unless the insured be the owners of the vessel), and mariners, and all other losses and misfortunes which have, or shall come to the damage of the said wheat, or any part thereof, to which insurers are liable; provided that the insurers shall not be liable for any partial loss on hemp and flax, unless the loss amount to twenty per cent, on the whole aggregate value of such articles; nor for any partial loss on sugar, flaxseed, bread, tobacco, and rice, unless the loss amount to seven per cent, on the whole aggregate value of such articles ; nor for any partial loss on salt, grain, fish, fruit, hides, skins, or other goods that are esteemed perishable in their own nature, unless it amount to seven per cent, on the whole aggregate value of such articles, and happen by stranding.”
By the agreed statement it is admitted, that the loss was “ a partial loss,” amounting to more than seven per cent, on the whole aggregate value of the wheat insured. That the sales produced only 81,200.
From the statement, and the evidence, these facts appear: The vessel, on going into Buffalo harbor, struck on a rock or stump, which made a hole in her bottom, four feet long and two feet wide, into which the water ran rapidly; and being under way, the captain and crew attempted to run her upon the towing path, and, in doing so, she grounded ; and, on opening the hatches, she was found nearly full of water. From those facts, it is clear that the immediate or proximate cause of the injury to this wheat and of the partial loss, was the striking of the vessel upon the rock, and bilging. That the vessel itself did not at any time remain stationary upon the rock; and that the running of the vessel aground, so far from occasioning the loss which occurred, was the means of preventing an entire or total loss.
By the terms of the policy, it is stipulated that the insurers shall not be liable for a partial loss, unless it amount to seven *58 *por cent., and happen by stranding; and courts have no power to alter or reform the agreement.
Have the two contingencies named so bapponed as to render the defendants liable? There is a wide difference between the terms of this policy and the words of English policies, to which wo have been referred. Shall not be liable “ unless the vessel.be stranded,” “or the vessel be stranded,” implies that if a stranding happen, the insurer shall bo liable for whatever partial loss may happen, at all events, whether the stranding bo the proximate cause of the loss or not. In this case it was agreed that the partial loss should happen by stranding, or the insurer should not be liable. This is the fair and natural import of the words, and we have no right to change the words or their meaning. It may be presumed that if the plaintiff had read and understood the effect of this clause of the policy, he would not have taken it. It may bo that the change from the usual policies was intentionally made with a design to limit the risk of the underwriter, and to avoid the extent of liability which, ordinarily, the insurer would incur on iacts like these. And it may be that the phrase, “ and happen by stranding,” was insidiously inserted with an expectation that the alteration would not bo noticed. If this be so, we can only regret it, not help it. We can go no farther toward correcting the evil than to point out the difference effected by a slight chango in the words of a policy, and thus call the attention of the public to the subject, leaving it optional with men of business to accept or reject similar policies in future.
But it is claimed that this loss did “ happen by stranding.” In Bishop v. Pentland, 7 Barn. & Cress. 219, stranding was held to bo, when a ship, by accident, is on the ground or strand, and is injured thereby. “A stranding in the sense of a policy is, when a ship takes ground, not in the ordinary course of navigation, but by accident, or the force of the wind or sea, and remains stationary for some time. The vessel'must ground from an accident happening out of the ordinary and usual course of navigation.” Wells v. Hopwood, 3 Barn. & Ald. 20. To constitute a stranding, the vessel must be stationary *some time. In this case it must have remained “aground,” upon the rock or stump, which caused the bilging and loss, a longer or shorter period, so as to check the navigation and interrupt the voyage. A mere instantaneous stoppage does not constitute a stranding. This is well *59 settled by the cases cited by counsel. Taking, then, the definition as settled by authorities, and applying the evidence, it seems to ns clear that the loss was occasioned by a peril of the sea, by the bilging of the vessel while under way.
This brings us to another point urgod by counsel. That for a loss by peril of the sea, there is no exception or condition, and that plaintiff is entitled to recover at all events. The answer to this position is, that in the agreed statement of (acts it is admitted that a partial loss only was sustained ; and in the policy it is agreed that the insurers shall not bo liable for any partial loss on grain, unless it amount to seven per cent, on the aggregate value, and “ happen by stranding.” True it is that defendant expressly agreed to bear all losses and misfortunes which have, or shall come to the damage of the wheat, or any part thereof, in the words stated by counsel; but the proviso follows it, aod excepts from the operation of these broad terms, all kinds of partial losses, unless happening from the one cause. Judgment for defendant.